HARRY A.; Laurie Wilson; Joani Manning, Rob and Stephanie Dean; Laura Heiple; Dan E. Sullivan; Catherine A. Slingsby; Susan Trulock; Janeice M. Dashlseid; Fred and Sandy McDonald; Jane Doe I; Linda Carlson; Jane Doe II, Tami S.; Audrey O'Neill, Michelle Cole, and Mary Fields, as parents of minor children, individually and on behalf of all others similarly situated, Plaintiffs—Appellants,

v.

Rick DUNCAN; Donald McDermid; Pat Bannon; Ron Fuhrman; Joseph Brott; Powell County School District, Defendants–Appellees.

No. 05–35206.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 26, 2006.

Submission Deferred Nov. 9, 2006.

Resubmitted March 22, 2007.

Filed June 4, 2007.

Jeffrey L. Fisher, Michele Radosevich, Michele L. Earl–Hubbard, Esq., Eric B. Martin, Esq., Jennifer Lenga Long, Lissa Shook, Esq., Davis Wright & Tremaine, LLP, Seattle, WA, Mark E. Jones, Esq., Hall, MT, for Plaintiffs–Appellants.

Lawrence F. Daly, Kathleen L. Desoto, Esq., Candace C. Fletscher, Esq., Garlington Lohn & Robinson, PLLP, Missoula, MT, for Defendants–Appellees.

Before: GOODWIN and KOZINSKI, Circuit Judges, and SHADUR,* District Judge.

## ORDER

The memorandum disposition filed on March 27, 2007, 2007 WL 983301, is amended as reflected in the amended dis-

position filed along with this order. The petitions for rehearing and rehearing en banc are otherwise **DENIED.** *See* Fed. R.App. P. 35; Fed. R.App. P. 40. No further petitions for rehearing or rehearing en banc will be entertained.

## AMENDED MEMORANDUM**

█ **1.** The boys who did the videotaping did not do so based on power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (internal quotations omitted). Only two of the three boys were ever employed by the school, and their videotaping started long before they worked at several weekend tournaments. Because the boys did not commit these misdeeds "within [their] scope of employment or under color of state law, then [they] act[ed] as ... private citizen[s]." *Van Ort v. Estate of Stanewich,* 92 F.3d 831, 835 (9th Cir.1996).

█ **2.** "[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 197, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). This case doesn't qualify for one of the narrow exceptions to this rule. The policies at issue did not amount to deliberate indifference to plaintiffs' constitutional rights, nor were they the moving force behind the violation. *See Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir.1992). Nor did defendants "act[ ] with deliberate indifference to [a] known or obvious danger," *L.W. v. Grubbs,* 92 F.3d 894, 900 (9th Cir.1996), and the boys' "intervening 'pri-

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vate acts' were 'unforeseeable.'" *Huffman v. County of Los Angeles,* 147 F.3d 1054, 1059 (9th Cir.1998) (quoting *Van Ort,* 92 F.3d at 837).

3. "There is no respondeat superior liability under section 1983." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989). Because defendants did not participate in or direct the boys' videotaping, plaintiffs must establish that defendants, as supervisors, acted with deliberate indifference in failing to prevent it. Even assuming that a supervisory relationship existed, plaintiffs cannot establish deliberate indifference on this record—i.e., "(1) an unusually serious risk of harm, ... (2) defendant's actual knowledge of (or, at least, willful blindness to) that elevated risk, and (3) defendant's failure to take obvious steps to address that known, serious risk." *Grubbs,* 92 F.3d at 900 (internal quotations omitted).

There is no evidence that McDermid and Fuhrman knew anything at all about the videotaping. Superintendent Brott was informed by teacher Fenner on one occasion that "[t]he girls *think* they're being videotaped." (Emphasis added.) This report didn't specify that the videotaping was occurring in the girls' locker room, or that anyone *knew* that videotaping was taking place. Nor was the report of rumors confirmed by any other source.

In their petition for rehearing, plaintiffs (for the first time on appeal) bring to our attention that the parties stipulated that "Fenner recalls that she told Superintendent Joe Brott that she had heard girls talking about being videotaped *in the locker rooms.*" (Emphasis added.) This stipulation does not change the result. *Cf. Flores v. Morgan Hill Unified Sch. Dist.,* 324 F.3d 1130, 1135–36 (9th Cir.2003) (finding school officials deliberately indifferent because they inadequately responded to victims' detailed, first-hand reports of anti-gay harassment). Failing to investigate a vague, second-hand and unsubstantiated report might amount to negligence, but does not constitute actual knowledge or willful blindness. *See Grubbs,* 92 F.3d at 900; *see also Harry A. v. Duncan,* 351 F.Supp.2d 1060, 1074–76 (D.Mont.2005). "[A]n official's negligent act does not implicate the due process clause." *Stevenson v. Koskey,* 877 F.2d 1435, 1440 (9th Cir.1989).

Nor is Pembleton's confused and uncorroborated depositional testimony enough to establish Principal Duncan's deliberate indifference. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

4. The remaining issues are rendered moot by our ruling.

**AFFIRMED.**